# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARYL EINCK, and PATRICIA O'MEARA, as Co-Personal Representatives of the Estate of KATELYN EINCK, Deceased; and PATRICIA O'MEARA, individually;<br><br>**Plaintiffs,**<br><br>vs.<br><br>J.B., a Minor Child; JARET BARNHILL, and LORA BARNHILL, Parents and Next Friends of J.B., a minor child;<br><br>**Defendants.** | 7:24CV5007<br><br>ORDER |

This matter is before the Court on the Motion to Withdraw (Filing No. 10) filed by counsel of record for the plaintiffs. Plaintiffs' counsel, Maren Lynn Chaloupka, seeks to withdraw from her representation of the plaintiffs. Following a sealed hearing held with the Court on September 16, 2024, with counsel and her clients, the Court found that the motion should be granted. The Court advised the plaintiffs that substitute counsel is required to litigate the estate's claims. See, e.g., *Knight v. Phillips*, No. 8:21CV408, 2022 WL 542564, at *2 (D. Neb. Feb. 23, 2022); *Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 617 (Neb. 2017) (finding pro se wrongful death action filed by non-lawyer on behalf of the estate of her deceased relative against a hospital and doctor for negligent medical care was a nullity requiring dismissal); *Waite v. Carpenter, 326,* 496 N.W.2d 1, 4 (Neb. Ct. App. 1992) (finding wrongful death action for medical negligence brought by the non-lawyer personal representative of the estate was unauthorized practice of law; "one who seeks to represent the legal interests of the personal representative must be an attorney."). Accordingly,

**IT IS ORDERED:**

1. The Motion to Withdraw (Filing No. 10) is granted. Maren Lynn Chaloupka is granted leave to withdraw as counsel for the plaintiffs.

2. Plaintiffs' counsel shall electronically mail a copy of this Order to her clients at their last known email addresses, and mail a copy to their physical addresses, and thereafter file a certificate of service showing compliance with this Order. Plaintiffs' counsel will

not be relieved of her applicable duties to the Court, Plaintiffs, and opposing counsel until such certificate of service is filed.

3. Because the plaintiffs are not attorneys and cannot litigate the interests of the estate without representation by licensed counsel, on or before **October 16, 2024,** the co-personal representatives shall obtain the services of new counsel and have that attorney file an appearance on their behalf. If substitute counsel does not enter an appearance by that date, the Court may dismiss the estate's claims without further notice.

Dated this 16th day of September, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge