IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARYL EINCK, as Co-Personal Representatives of the Estate of Katelyn Einck, Deceased, and Patricia O'Meara, individually only as Bystander to the Wrongful Death; and PATRICIA O'MEARA, as Co-Personal Representatives of the Estate of Katelyn Einck, Deceased, and Patricia O'Meara, individually only as Bystander to the Wrongful Death;<br><br>     Plaintiffs,<br><br>  vs.<br><br>J.B., a Minor Child, by and through her parents and legal guardians; JARET BARNHILL, Parents and Next Friends of J.B., a minor child, Individually, and as Joint Venturers; and LORA BARNHILL, Parents and Next Friends of J.B., a minor child, Individually, and as Joint Venturers;<br><br>     Defendants. | 7:24CV5007<br><br>ORDER |

  This matter is before the court on Defendants' Objection to Plaintiffs' Designation of Place of Trial and Motion to Designate Place of trial as North Platte (Filing No. 38). For the reasons explained below, the motion will be denied.

## BACKGROUND

  This action was originally filed by Plaintiffs Daryl Einck and Patricia O'Meara as co-personal representatives of the estate of Katelyn Einck, and by Patricia O'Meara individually (collectively, Plaintiffs) on July 18, 2024. (Filing No. 1). The complaint

1

contained a jury demand and designated North Platte, Nebraska as the place of trial. Defendants Jaret Barnhill, Lora Barnhill, and J.B., a minor child (collectively, Defendants) filed a motion to dismiss on September 16, 2024. (Filing No. 15). Plaintiff's original counsel withdrew and the briefing deadlines as to the motion to dismiss were stayed pending the appearance of counsel for Plaintiffs. (Filing Nos. 18-20). In October 2024, new counsel appeared for Plaintiffs and the stay of the briefing deadlines was lifted. (Filing No. 24). On November 4, 2024, Plaintiffs filed a response to the pending motion to dismiss (Filing No. 26), a motion to dismiss O'Meara's individual injury claims without prejudice (Filing No. 27), and a motion to amend the complaint (Filing No. 25). The motion for leave to amend the complaint contained a motion to amend the designated place of trial to Lincoln. (Filing No. 25).

On November 19, 2024, Senior United States District Judge John M. Gerrard entered an order denying the motion to dismiss as moot, granting the motion for leave to amend, and granting plaintiffs' motion to dismiss certain claims without prejudice. (Filing No. 29). Judge Gerrard noted "[t]he defendants have not filed a response to the plaintiffs' motion for leave to amend 25 and the time for doing so has passed. The plaintiffs' amended complaint, a copy of which is attached to their motion, shall be filed on or before November 22, 2024." (Filing No. 29). The Amended Complaint was filed on November 19, 2024. (Filing No. 30). On December 3, 2024, Defendants filed a motion to dismiss Plaintiffs' claims for punitive damages, and to strike certain paragraphs in the Amended Complaint. (Filing No. 31). The motion was resolved on May 13, 2025 (Filing No. 34), and Defendants filed an answer to the Amended Complaint on May 28, 2025. (Filing No. 37). That same day, Defendants filed the pending motion to change place of trial to North Platte. (Filing No. 38).

ANALYSIS

Defendants object to Plaintiffs' amended designation of place of trial in Lincoln and move the court to designate the place of trial as North Platte. This district's local rule regarding setting the place of trial was recently amended, but the general procedure for

2

requesting a specific trial setting has not changed. "The plaintiff at the time of filing a complaint in a civil action . . . must request trial in Omaha, Lincoln, or North Platte." NECivR 40.1(b). Plaintiffs selected North Platte when filing this case (Filing No. 1).

Defendants argue that Plaintiffs must show a material change in circumstances between the filing of the complaint and the first amended complaint to justify the change from North Platte to Lincoln. However, Plaintiff's amended complaint is considered the complete pleading which "supersedes the original pleading in all respects." NeCivR. 15.1(a). Plaintiffs requested leave to amend the complaint, and specifically stated the intent to change the place of trial to Lincoln. Defendants did not respond to the motion. Thereafter the motion was granted as unopposed and the docket was updated to reflect a trial location of Lincoln.

The court considers the pending motion to be a "conflicting request" for place of trial which requires a consideration of "the convenience of the parties, lawyers, witnesses, other related matters, and the interests of justice." NECivR 40.1(b)(1). The convenience of the litigants and witnesses is generally afforded greater weight than the convenience of counsel. *Sands v. Integrated Cardiology Group, LLC,* No. 8:22-cv-72, 2022 WL 1156358 (D. Neb. April 19, 2022). The party seeking to change the place of trial bears the burden of establishing that the transfer should be granted. *Withers v. Ryder Truck Rental, Inc.*, No. 7:20-cv-5001, 2020 WL 2542576 (D. Neb. May 19, 2020). "The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Aumann Auctions, Inc. v. Phillips,* No. 8:07-cv-431, 2008 WL 687056, at * 2 (D. Neb. Mar. 10, 2008).

Defendants request the court change the place of trial to North Platte because the accident at issue occurred approximately 53 miles from North Platte, the location would be more convenient for Defendants who reside in Ogallala, and Defendants believe the witnesses and first responders who may testify at trial are located in Ogallala and the surrounding areas. Plaintiffs argue "[b]y moving the matter to North Platte, the only interest served by that is that of Defendants." (Filing No. 40). Specifically, Plaintiffs assert the

3

Lincoln trial location is more convenient for counsel who are all located in Omaha, as well as for Plaintiff O'Meara who resides in Bloomington, Illinois and Plaintiff Einck who resides in Cumming, Georgia. Plaintiffs urge the court to consider the number of people who would certainly need to travel to North Platte for trial, and the costs of trial and lodging for Plaintiffs and counsel.

Upon review, it appears the convenience of the litigants is a neutral factor, with North Platte being more convenient for Defendants and Lincoln being more convenient for Plaintiffs. The convenience of counsel weighs in favor of a Lincoln trial location, as all counsel are located in Omaha, which is closer to Lincoln than North Platte, though this factor is afforded less weight than the convenience of the litigants and witnesses. It is difficult for the court to make a determination regarding the convenience of the witnesses at this time. Defendants acknowledge that this case is in its early stages and no discovery has been conducted. Defendants believe that there are witnesses located nearer to North Platte than Lincoln.

The court recognizes this district's local rules which require parties to file requests for trial location at the outset of the case. *See* NECivR 40.1(b). However, the court has also recognized that the balance of factors set forth in NECivR. 40.1(b)(1) often cannot be fully and appropriately weighed until after further case progression. See, e.g. *Heil v. Batie Cattle Company,* Case No. 4:23-cv-3170 at CM/ECF [Filing No. 13](). (D. Neb. Nov. 2, 2023) (denying Defendant's objection to Plaintiff's trial location designation without prejudice to reassertion after further case progression); *Addison Insurance Company v. The Pink Palace LLC, et al.,* Case No. 8:16-cv-371 at CM/ECF [Filing No. 17](). (D. Neb. September 21, 2016) (denying as premature defendant's motion to change trial location); *Eckhardt v. Five Star Quality Care-NE, LLC,* Case No. 8:16-cv-533 at CM/ECF [Filing No. 10](). (D. Neb. December 22, 2016) (denying as premature motion filed 14 days after removal); *Doe v. School District No. 32 et al,* Case No. 4:17-cv-5010 at Filing No. 17. (D. Neb. December 26, 2017) (denying motion "without prejudice to reassertion following the completion of some discovery").

5

The location of the parties and counsel make it more likely that Lincoln is a more convenient trial location than North Platte, but at this time neither the court nor the parties know the identities and locations of the fact witnesses and any expert witnesses. The court finds it more prudent to defer finalizing the place of trial until after the case progresses, written discovery commences, and witnesses are identified.

IT IS ORDERED: that Defendants' Motion to Designate Place of trial as North Platte is denied without prejudice and subject to reassertion after further case progression. ([Filing No. 38](#)).

Dated this 7th day of July, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

5